Steven B. Andersen
HOLLAND & HART ʟʟᴘ
Suite 1400, U. S. Bank Plaza
101 South Capitol Boulevard
Post Office Box 2527
Boise, Idaho 83701
Telephone: (208) 342-5000

James E. Hartley
Elizabeth R. Jones
HOLLAND & HART ʟʟᴘ
Suite 3200
555 Seventeenth Street
P.O. Box 8749
Denver, CO 80201-8749
Telephone: (303) 295-8000

Attorneys For Defendant and
Counterclaim Plaintiff

U.S. COURTS

97 NOV 13 PM 2: 19

CLERK                  IDAHO

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PIN/NIP, INC., a Nebraska corporation, ) | |
| ) | |
| Plaintiff and Counterclaim Defendant, ) | Case No. CIV97-0307-S-BLW |
| ) | |
| v. ) | **ANSWER TO FIRST AMENDED** |
| ) | **COMPLAINT AND** |
| PLATTE CHEMICAL COMPANY, a ) | **COUNTERCLAIM FOR PATENT** |
| Nebraska corporation,, ) | **INFRINGEMENT** |
| ) | |
| Defendant and Counterclaim Plaintiff. ) | |

Defendant and counterclaim plaintiff Platte Chemical Company ("Platte"),

through its counsel, hereby answers the first-fourth and sixth causes of action in

plaintiff PIN/NIP, Inc.'s ("PIN/NIP") First Amended Complaint, and submits this

counterclaim for patent infringement. Platte has moved to dismiss PIN/NIP's fifth cause

ANSWER TO FIRST AMENDED COMPLAINT
AND COUNTERCLAIM FOR PATENT INFRINGEMENT - 1

of action pursuant to Fed. R. Civ. P. 12(b), as is more fully set forth in Platte's motion to dismiss filed concurrently with this answer.

## JURISDICTION AND VENUE

1.　　Admitted.

2.　　Admitted.

3.　　Platte admits PIN/NIP purports to allege a claim for unfair competition and for attempted monopolization. Platte denies the remaining allegations contained in paragraph 3.

## PARTIES

4.　　Platte incorporates its responses to paragraphs 1-3.

5.　　Platte is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and therefore denies the same.

6.　　Admitted.

## FACTUAL BACKGROUND

7.　　Platte incorporates its responses to paragraphs 1-6.

8.　　Platte admits it owns and controls U.S. Patent No. 5,622,912, issued April 22, 1997, entitled "Sprout Inhibition Compositions Comprising Chloropropham and Substituted Naphthalenes and Methods of Using Same." Platte likewise admits that isopropyl-3-chlorophenyl carbamate is a chloropropham known in the trade as CIPC. With regard to the remaining allegations contained in paragraph 8, Platte avers that the '912 Patent speaks for itself and therefore denies the remaining allegations.

ANSWER TO FIRST AMENDED COMPLAINT
AND COUNTERCLAIM FOR PATENT INFRINGEMENT - 2

9. Platte admits that on May 14, 1997, Platte sent to PIN/NIP a copy of the '912 Patent. The July 2, 1997 letter which is purportedly attached as Exhibit A to PIN/NIP's First Amended Complaint, was not attached to the service copy of PIN/NIP's First Amended Complaint provided to Platte's counsel. Assuming the July 2, 1997 letter is the same letter as was attached as Exhibit B to PIN/NIP's Complaint for Declaratory Judgment and Other Relief, Platte avers that the letter speaks for itself. Platte denies the remaining allegations contained in paragraph 9.

10. Admitted.

11. Platte is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and therefore denies the same.

12. Platte admits that the allegations contained in paragraph 12 appear to be PIN/NIP's position. Platte denies the substance of the allegations contained in paragraph 12.

13. Platte admits that it has an EPA registration on CIPC and is permitted to sell the same and that it does not currently have an EPA registration on dimethyl naphthalene ("DMN"). Platte denies the remaining allegations contained in paragraph 13.

14. Platte is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and therefore denies the same.

15. Platte is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and therefore denies the same.

ANSWER TO FIRST AMENDED COMPLAINT
AND COUNTERCLAIM FOR PATENT INFRINGEMENT - 3

16.     Platte is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and therefore denies the same.

17.     Platte is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and therefore denies the same.

18.     Platte is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and therefore denies the same.

19.     Platte is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and therefore denies the same.

20.     Denied.

21.     Platte is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and therefore denies the same.

22.     Denied.

23.     Denied.

24.     In answering the allegations contained in paragraph 24, Platte incorporates its response to paragraph 13. Platte denies the remaining allegations contained in paragraph 24.

25.     Platte admits that "suberization" is a healing process in potatoes whereby the potato produces suberin to "heal" cuts and bruises to prevent rot, disease and easy infestation of potatoes traumatized by insects and fungus. Platte denies the remaining allegations contained in paragraph 25.

ANSWER TO FIRST AMENDED COMPLAINT
AND COUNTERCLAIM FOR PATENT INFRINGEMENT - 4

26.     Denied.

## FIRST CAUSE OF ACTION
### Alleged Invalidity Of U.S. Patent 5,622,912

27.     Platte incorporates its responses to paragraphs 1-26.

28.     Denied.

29.     Platte denies the allegations contained in the first sentence of paragraph 29. Platte is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remaining sentences of paragraph 29 and therefore denies the same.

30.     Platte admits that on August 27, 1996 it filed a preliminary amendment to add claims 33-40 to the '912 Patent. No "Exhibit C" was attached to the service copy of PIN/NIP's First Amended Complaint provided to Platte's counsel; accordingly Platte is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and therefore denies the same.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

## SECOND CAUSE OF ACTION
### Alleged Unenforceability Of U.S. Patent 5,622,912

35.     Platte incorporates its responses to paragraphs 1-34.

ANSWER TO FIRST AMENDED COMPLAINT
AND COUNTERCLAIM FOR PATENT INFRINGEMENT - 5

36.     Denied.

37.     Denied.

38.     No "Exhibit D" was attached to the service copy of PIN/NIP's first amended complaint provided to Platte's counsel; accordingly, Platte is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 38 and therefore denies the same. Platte denies the remaining allegations contained in paragraph 38.

39.     Denied.

40.     Platte is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 and therefore denies the same.

41.     Denied.

## THIRD CAUSE OF ACTION
### Alleged Noninfringement

42.     Platte incorporates its responses to paragraphs 1-41.

43.     Platte avers that the '912 Patent and the patent application speak for themselves. Platte denies the remaining allegations contained in paragraph 43.

44.     Platte avers that the '912 Patent speaks for itself. Platte denies the remaining allegations contained in paragraph 44.

45.     Platte avers that the '912 Patent speaks for itself. Platte denies the remaining allegations contained in paragraph 45.

## FOURTH CAUSE OF ACTION
### Alleged Estoppel

46.     Platte incorporates its responses to paragraphs 1-45.

47.     Denied.

## FIFTH CAUSE OF ACTION
### Alleged Attempted Monopolization In
### Violation Of Section 2 Of The Sherman Act
### And Section 4 Of The Clayton Act

48.     Platte incorporates its responses to paragraphs 1-47.

49.     Platte has moved to dismiss this claim and no further response is required to paragraph 49.

50.     Platte has moved to dismiss this claim and no further response is required to paragraph 50.

51.     Platte has moved to dismiss this claim and no further response is required to paragraph 51.

52.     Platte has moved to dismiss this claim and no further response is required to paragraph 52.

53.     Platte has moved to dismiss this claim and no further response is required to paragraph 53.

54.     Platte has moved to dismiss this claim and no further response is required to paragraph 54.

ANSWER TO FIRST AMENDED COMPLAINT
AND COUNTERCLAIM FOR PATENT INFRINGEMENT - 7

55.     Platte has moved to dismiss this claim and no further response is required to paragraph 55.

## SIXTH CAUSE OF ACTION
### Alleged Unfair Competition For
### Misappropriation Of Invention

56.     Platte incorporates its responses to paragraphs 1-55.

57.     Denied.

58.     Denied.

59.     Denied.

60.     To the extent not otherwise specifically admitted or denied above, Platte denies all allegations of PIN/NIP's First Amended Complaint.

## SEPARATE DEFENSES

61.     PIN/NIP fails to state a claim upon which relief can be granted.

62.     PIN/NIP's claims are barred by the doctrine of unclean hands.

63.     PIN/NIP's claims are barred or diminished by virtue of PIN/NIP's failure to mitigate its damages.

64.     PIN/NIP's claims are barred or diminished pursuant to the doctrines of waiver, estoppel and illegality.

WHEREFORE, having fully answered, Platte prays that PIN/NIP take nothing by its First Amended Complaint and that the Court award Platte its costs and such other and further relief as the Court deems just.

ANSWER TO FIRST AMENDED COMPLAINT
AND COUNTERCLAIM FOR PATENT INFRINGEMENT - 8

## COUNTERCLAIM FOR PATENT INFRINGEMENT

### PARTIES

1.      Plaintiff Platte Chemical Company is a Nebraska corporation having its principal place of business at 419 18th Street, P.O. Box 1286, Greeley, CO 80632-1286.

2.      On information and belief, Defendant PIN/NIP, Inc. is a Nevada corporation having its principal place of business at 15401 Cartright Road, Boise, Idaho 83703.

### JURISDICTION AND VENUE

3.      This is an action for infringement of a United States patent brought under the patent laws of the United States, 35 U.S.C. § 271.

4.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5.      Venue in this district is proper under 28 U.S.C. § 1391(b).

6.      PIN/NIP has directly and/or indirectly infringed and/or induced infringement of Platte's patent within the State of Idaho and otherwise transacts business within the State of Idaho, thus subjecting PIN/NIP to jurisdiction of this Court under Idaho Code § 5-514 (1990).

### PATENT INFRINGEMENT CLAIM

7.      Paragraphs 1 through 6 above are incorporated by reference.

8.      On April 22, 1997, United States Patent No. 5,622,912 ("the '912 Patent") was duly and legally issued to Bruce D. Riggle of Eaton, Colorado, and Ronald K.

ANSWER TO FIRST AMENDED COMPLAINT & COUNTERCLAIM
FOR PATENT INFRINGEMENT - 9

Schafer of Boise, Idaho. A copy of the '912 Patent is attached as Exhibit B to plaintiff's amended complaint and incorporated herein.

9.     Messrs. Riggle and Schafer assigned their entire right, title and interest to the '912 Patent to Platte in May 1996. Platte is the owner of the '912 Patent.

10.     The '912 Patent has not expired and is in full force and effect.

11.     By way of example, the '912 Patent covers a composition adapted for inhibiting sprout formation in tubers during storage, comprising CIPC (chloropropham) and a substituted naphthalene, including DMN.

12.     By way of further example, the '912 Patent also covers a method of inhibiting sprout formation on tubers during storage, comprising the steps of applying CIPC to the tubers in an amount effective to form a residue thereon and inhibit sprout formation therefrom; applying a substituted naphthalene (including DMN) to the tubers in an amount effective to form a residue thereon and to inhibit sprout formation therefrom; and storing the tubers for a period of time, wherein the CIPC and substituted naphthalene residues are both present for at least a portion of the period of time the tubers were stored.

13.     On information and belief, since at least as early as June 9, 1997, PIN/NIP has manufactured, tested, used, sold and/or offered for sale product which infringes one or all of the claims of the '912 Patent.

14.     On or before May 14, 1997, Platte provided PIN/NIP with a copy of its '912 Patent, giving PIN/NIP actual notice of the '912 Patent.

ANSWER TO FIRST AMENDED COMPLAINT
AND COUNTERCLAIM FOR PATENT INFRINGEMENT - 10

15.     PIN/NIP has and continues to knowingly, intentionally and willfully infringe and/or induce the infringement of at least one of the claims of the '912 Patent, either literally or under the doctrine of equivalents.

WHEREFORE, Platte prays that this Court enter a judgment:

a.     Declaring that the '912 Patent is good and valid, is owned by Platte and has been infringed by PIN/NIP;

b.     Granting Platte permanent injunctive relief as provided under the terms and provisions of 35 U.S.C. § 283;

c.     Finding that PIN/NIP has infringed and/or induced infringement of the '912 Patent, either literally or under the doctrine of equivalents;

d.     Granting a permanent injunction perpetually enjoining and restraining PIN/NIP, its officers, agents, subsidiaries, principals, successors in interest, and those acting in concert with them, from directly or indirectly infringing or inducing the infringement of the '912 Patent;

e.     Requiring that PIN/NIP account to Platte for all the gains, profits and advantages realized from its infringement and unlawful use of the invention patented and described in the '912 Patent;

f.     Awarding Platte damages for past and any continuing infringement of the '912 Patent;

g.     Awarding Platte damages for willful infringement of the '912 Patent;

h.     Awarding Platte its attorney's fees and costs;

ANSWER TO FIRST AMENDED COMPLAINT
AND COUNTERCLAIM FOR PATENT INFRINGEMENT - 11

i.    Awarding Platte prejudgment interest on any amounts of actual

damages; and

j.    Awarding Platte such other and further relief as this Court may

deem proper and just.

Dated November 13, 1997.

HOLLAND & HART LLP

By _____
Steven B. Andersen, of the firm
Attorneys for Defendant and
Counterclaim Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November 1997 I caused to be served a
true and correct copy of the foregoing by the method indicated below, and addressed to
the following:

M. Michael Sasser, Esq.
Hamilton & Sasser, P.A.
3100 South Vista Avenue, Suite 200
P.O. Box 16488
Boise, ID 83715
FAX: (208) 344-8479

☑ U.S. Mail
☐ Hand Delivered
☐ Overnight Mail
☐ Telecopy (Fax)

William S. Britt, Esq.
Trask, Britt & Rossa
525 South 300 East
P.O. Box 2550
Salt Lake City, UT 84110
FAX: (801) 531-9168

☑ U.S. Mail
☐ Hand Delivered
☐ Overnight Mail
☐ Telecopy (Fax)

_____
for HOLLAND & HART LLP

BOISE:0084068.01

ANSWER TO FIRST AMENDED COMPLAINT
AND COUNTERCLAIM FOR PATENT INFRINGEMENT - 12