IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PIN/NIP, INC., ) | |
| ) | Case No. CV-97-307-S-BLW |
| Plaintiff, ) | |
| ) | **MEMORANDUM DECISION** |
| v. ) | |
| ) | |
| PLATTE CHEMICAL ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## INTRODUCTION

The Court has before it Platte's motion for voluntary withdrawal, and Pin/Nip's motions for dismissal and for judgment as a matter of law/summary judgment. The Court heard oral argument on November 1, 2006, and took the motions under advisement. For the reasons expressed below, the Court will deny Platte's motion, and grant Pin/Nip's motion for summary judgment.

## BACKGROUND

Platte is the assignee of the '912 patent, an invention designed to inhibit sprout growth on tubers through the application of a "composition" of two chemicals, CIPC and a substituted naphthalene. The Court interpreted the term "composition" to include a spaced, sequential application of the two chemicals,

**Memorandum Decision – Page 1**

applied days or months apart.  Two jury trials resulted in findings that Pin/Nip had induced its applicators to infringe the patent under the Court's definition of the term "composition."

On appeal, the Federal Circuit rejected this Court's definition, and held that a "composition" required either a pre-mixture of the chemicals or "a mixture that is formed at any time during use . . . ." *See Pin/Nip v. Platte*, 304 F.3d 1235, 1245 (Fed. Cir. 2002).  In light of this modified definition, the Circuit vacated this Court's denial of Pin/Nip's motion for judgment as a matter of law, and remanded the case to give Platte the opportunity "to present any relevant evidence of the existence of a chemical mixture, or 'composition' to prove infringement."  *Id*. at 1246.

The Circuit's decision, issued in September of 2002, put the burden on Platte to show evidence of a mixture.  Following a conference with counsel, this Court set a deadline on discovery for September 30, 2004.  However, Platte did not conduct any discovery by that deadline, and did not respond to Pin/Nip's discovery requests.

About six months after the expiration of the discovery deadline, Platte sought to reopen discovery.  The Court held a telephone conference with all counsel, expressing reluctance to grant such a motion but ultimately granting Platte

**Memorandum Decision – Page 2**

time to file a brief in support of its motion.  Platte did not file that brief, but instead requested a status conference to explain a possible basis for a stipulated resolution of the case.

No settlement was reached, and Platte filed, on August 4, 2006, a motion to voluntarily dismiss its claims.  Pin/Nip objected and filed its own motions to dismiss and for summary judgment.  The Court will turn first to Platte's motion.

## ANALYSIS

**1.   Platte's Motion for Voluntary Dismissal**

Platte moves to dismiss with prejudice all challenges in its counterclaim to applications spaced more than 24 hours apart.  Platte argues, however, that its challenges to simultaneous and same-day applications should be dismissed without prejudice because Pin/Nip's failure to show that such applications actually occurred divests this Court of jurisdiction over them.  The Court disagrees with this jurisdictional argument, as discussed below.  Because Platte's motion would require the Court to carve out Platte's challenges to simultaneous and same-day applications for dismissal without prejudice based on a jurisdictional argument the Court rejects, the Court will deny the motion.

**2.   Pin/Nip's Motion for Summary Judgment**

Pin/Nip summary judgment motion seeks a declaration that simultaneous

and same-day applications do not produce a mixture that would infringe Claim One of the patent.  Platte responds that the Court lacks jurisdiction to render such a judgment because there is no evidence in this record of any simultaneous or same-day applications.

3.  **Jurisdiction Over Declaratory Judgment Act Claim**

The Declaratory Judgment Act only supports jurisdiction in the event of an "actual controversy."  *See* 28 U.S.C. § 2201(a).  This requirement effectuates Article III of the Constitution, which only authorizes the federal judiciary to hear justiciable cases and controversies.  *See EMC Corp. v. Norand Corp.*, 89 F.3d 807, 810 (Fed. Cir. 1996).

For declaratory judgment actions involving patents, the Federal Circuit has developed a "pragmatic inquiry."  *Gen-Probe, Inc. v. Vysis, Inc.,* 359 F.3d 1376, 1380 (Fed. Cir. 2004).  It focuses on not only the conduct of the patentee but also the conduct of the putative infringer: "There must be both (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory judgment plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity."  *Fina Research, S.A. v. Baroid Limited*, 141 F.3d 1479 (Fed.Cir. 1998).

**Memorandum Decision – Page 4**

Here, the first prong of this test is clearly satisfied. On July 2, 1997, Platte's counsel sent to Pin/Nip's President a cease and desist letter threatening to file suit unless Pin/Nip agreed to quit "teaching the use of its [DMN] product in conjunction with . . . CIPC." *See Exhibit B to Complaint.* The term "in conjunction with" would certainly include simultaneous and same-day applications. That letter constitutes an explicit threat that created a reasonable apprehension on the part of Pin/Nip that it would face an infringement suit if it continued to urge its applicators to use DMN "in conjunction with" CIPC.

The real issue is over the second prong. Pin/Nip seeks a declaration that simultaneous and same-day applications are non-infringing, yet there is no evidence that any such applications have ever taken place. Platte asserts that Article III prohibits the Court from declaring legal conduct that has never occurred.

The Court disagrees. *Fina* finds jurisdiction even without actual conduct when the alleged infringer has taken "concrete steps . . . with the intent to conduct such activity." *Fina*, 141 F.3d at 1481. Here, Pin/Nip has taken those "concrete steps." Pin/Nip is the only American business licensed to sell DMN, and it has also obtained a registration to sell CIPC. Its website urges applicators to apply the two chemicals "in conjunction" with one another – Pin/Nip places no restriction on the time between applications. These are concrete steps taken by Pin/Nip that

**Memorandum Decision – Page 5**

could lead applicators to make simultaneous or same-day applications.

Platte itself felt this was a threat.  At the conclusion of the first trial, Platte sought a broad injunction against Pin/Nip that would have swept within its terms a wide range of conduct, potentially including both simultaneous and same-day applications.  *See Platte's Objection (Docket No. 202)*.

When considered as a whole, this evidence shows that Pin/Nip has taken concrete steps that could result in its applicators making simultaneous and same-day applications.  Such applications would expose Pin/Nip to Platte's threatened infringement suit, creating the necessary case or controversy required by Article III.

### 4.     **Pin/Nip's Motion for Summary Judgment**

Four years ago, the Federal Circuit decision remanded this case for the Court to resolve the competing claims of the parties.  Pin/Nip is now asking Platte to show its hand – to produce what evidence it has.

To avoid summary judgment, Platte must identify specific evidence showing that  simultaneous or same-day applications produce a mixture. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (holding that to meet its burden, the non-moving party must show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file," that a genuine issue of fact exists).  Platte

**Memorandum Decision – Page 6**

claims it has satisfied its burden because (1) the Federal Circuit declined to enter judgment in Pin/Nip's favor but instead remanded the case to this Court, thereby inferring that questions of fact exist on this record; (2) the sheer volume of materials submitted by Pin/Nip in support of its motion "is reflective of the complicated, and conflicting, evidence" on this issue, and (3) "as a matter of logic" a mixture of the two chemicals would occur if both were being fogged into a shed at the same time, or within 24 hours of each other. *See Platte's Response Brief* at pp. 8-10.

    The Court turns first to Platte's use of the Federal Circuit decision to oppose summary judgment. The burden imposed on Platte by *Celotex* is quite specific – Platte has to come forward with specific evidence. The Federal Circuit decision is not evidence. Moreover, that decision contains no reference to the evidence required by *Celotex* – it does not identify any testimony or documentary evidence supporting Platte's claim that a simultaneous or spaced application creates a mixture.

    Platte's vague reference to the "sheer volume" of Pin/Nip's material is likewise unavailing: "The district judge is not required to comb the record to find some reason to deny a motion for summary judgment." *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003) (quoting *Forsberg v.*

**Memorandum Decision – Page 7**

*Pac. Northwest Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988)).

Finally, if a mixture could be established simply as a "matter of logic," as Platte asserts, the Federal Circuit would have directed a verdict for Platte. Instead, the Federal Circuit remanded the case, and Pin/Nip's motion for summary judgment places a burden on Platte to come forward with specific evidence. Platte's appeal to logic does not satisfy this burden imposed by *Celotex*.[1]

## 5. Conclusion

Because Platte has not identified specific evidence showing that applications of CIPC and DMN, either simultaneous or spaced, produce a "mixture," and hence a "composition," of those two chemicals, the Court will grant Pin/Nip's motion for summary judgment and declare that the simultaneous or spaced application of CIPC and DMN do not infringe Claim One of the '912 patent.

---

[1] At oral argument, Platte argued that there was evidence in the record of a mixture. However, Platte again failed to point specifically to the evidence. Furthermore, to the degree that counsel was more specific in oral argument than in his briefing, counsel cure briefing deficiencies at oral argument. *Marshall v. Gates*, 44 F.3d 722, 723-25 (9th Cir.1995); Local Rule 7.1(c)(1).

**Memorandum Decision – Page 8**

This ruling renders moot Pin/Nip's motion to dismiss.  The Court will enter a separate Judgment pursuant to Rule 58.



DATED:  **November 13, 2006**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision – Page 9**