IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PIN/NIP, INC., | Case No. CV-97-307-S-BLW |
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| PLATTE CHEMICAL COMPANY, | |
| Defendant. | |

## INTRODUCTION

The Court has before it Pin/Nip's petition for fees and costs. The petition is fully briefed and at issue. For the reasons expressed below, the Court will deny the petition seeking over $1 million under 35 U.S.C. § 285, but will tax costs against Platte in favor of Pin/Nip pursuant to Rule 54(d) and 28 U.S.C. § 1920 in the sum of $22,537.78.

## ANALYSIS

Pin/Nip seeks about $1.6 million in attorney fees and nearly $200,000 in costs under 35 U.S.C. § 285. To prevail under that statute, Pin/Nip must show by clear and convincing evidence that this is an "exceptional" case. *See Forest Labs Inc. v. Abbott Labs*, 339 F.3d 1327 (Fed. Cir. 2003). An "exceptional" case would

**Memorandum Decision & Order – page 1**

be one involving litigation misconduct, vexatious, unjustified, or otherwise bad faith litigation, or a frivolous suit. *Id*. at 1328-29. Fees are warranted when a party brings or maintains claims that it knows, or should know, are baseless, or knows there is no reasonable chance of success. *Id*. at 1330.

Pin/Nip argues that Platte pursued baseless claims. The Court disagrees. Platte prevailed before two separate juries, and on various motions before this Court. While Pin/Nip ultimately prevailed in the Federal Circuit, Platte's arguments were never baseless or unjustified.

There is no litigation misconduct in this case. Indeed, all counsel did exceptional work. Throughout this litigation, they zealously pursued their clients' interests within the bounds of the law. Pin/Nip has not shown by clear and convincing evidence that Platte either engaged in vexatious litigation conduct or pursued baseless legal claims. For all these reasons, the Court will deny Pin/Nip's petition seeking fees and costs under 35 U.S.C. § 235.

Pin/Nip also seeks costs of $22,537.78 under Rule 54(d) and 28 U.S.C. § 1920 as the prevailing party. Pin/Nip did prevail and is entitled to costs under those provisions. The Court finds that the amount requested of $22,537.78 is authorized under those provisions, and will award that sum as costs to Pin/Nip.

**Memorandum Decision & Order – page 2**

## ORDER

For the reasons expressed in the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the petition for fees and costs (Docket No. 416) is DENIED.

IT IS FURTHER ORDERED, that the Bill of Costs (Docket No. 419) is GRANTED and that costs are taxed to Platte in favor of Pin/Nip in the sum of $22,537.78 under Rule 54(d) and 28 U.S.C. § 1920.

IT IS FURTHER ORDERED, that the motion for hearing (Docket No. 435) is DENIED.

Additionally, this case is hereby ordered closed.

DATED: **September 28, 2007**

*[signature]*
Honorable B. Lynn Winmill
Chief U. S. District Judge